*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re D. E. TAYLOR, Minor.

UNPUBLISHED
December 29, 2022

No. 361153
Wayne Circuit Court
Family Division
LC No. 2017-000668-NA

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order terminating his parental rights to his minor child, DET. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent is the father of DET. In January 2020, the Department of Health and Human Services ("Department") filed a petition seeking temporary jurisdiction over DET, alleging that respondent left DET alone for significant periods of time and did not have suitable housing. The trial court removed DET from respondent's care and placed him with a relative caregiver. The trial court exercised jurisdiction over DET and, during a dispositional hearing, ordered respondent to complete parenting classes; complete substance-abuse therapy; complete random, weekly drug screens; obtain and maintain suitable housing; obtain and maintain a legal source of income; and maintain regular contact with the foster care worker. In April 2021, the Department filed a supplemental petition seeking to terminate respondent's parental rights, alleging that respondent neglected to care for DET, did not have suitable housing, and failed to complete his treatment plan.

The trial court held a termination hearing regarding the statutory grounds for termination alleged in the supplemental petition. The trial court found clear and convincing evidence that statutory grounds existed to terminate respondent's parental rights to DET under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), (g) (failure to provide care and custody), and (j) (reasonable likelihood that child will be harmed if returned to parent). However, the court did not find that termination of respondent's parental rights was in the best interests of DET and gave respondent additional time to comply with his treatment plan.

-1-

The Department subsequently filed another supplemental petition seeking termination of respondent's parental rights, alleging that he did not complete his ordered treatment plan, did not obtain suitable housing, and failed to make regular visits with DET. A second termination hearing was held regarding the statutory grounds for termination alleged in the second supplemental petition. The trial court determined that the Department presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). The trial court also determined that the Department established, by a preponderance of the evidence, that termination of respondent's parental rights was in DET's best interests. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews the trial court's decision that the Department established by clear and convincing evidence there was at least one statutory ground to terminate a respondent's parental rights for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). Also reviewed for clear error is the trial court's determination that termination of parental rights is in the best interest of a child. *Id*. at 713. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

## III. STATUTORY GROUNDS

### A. MCL 712A.19b(3)(c)(*i*) and (*ii*)

Respondent contends that the trial court clearly erred when it found that there was clear and convincing evidence to terminate his parental rights under MCL 712A.19b(3)(c)(*i*) and (*ii*). We disagree.

A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if it finds by clear and convincing evidence that, after 182 days or more have elapsed since the initial dispositional order was entered, "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." This statutory ground is satisfied if despite "time to make changes and the opportunity to take advantage of a variety of services, the conditions that originally brought the children into the foster care system still exist[]." *In re Powers Minors*, 244 Mich App 111, 119; 624 NW2d 472 (2000). A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*ii*) if it finds by clear and convincing evidence that, after 182 days or more have elapsed since the initial dispositional order was entered,

> [o]ther conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

The Department's initial petition alleged that respondent improperly supervised DET and left DET alone for days at a time on at least six occasions. The petition also alleged that respondent had been observed "nodding off in what appear[ed] to be a drug high" while watching DET and tested positive for marijuana during a drug screening test. Additionally, the petition claimed that respondent did not have stable housing or a suitable income. At respondent's adjudication in March 2021, the trial court reviewed these conditions and ordered respondent to complete a treatment plan to rectify them. Respondent failed to do so.

Respondent did not complete a single parenting class. The Department referred respondent at least 10 times to parenting classes, yet respondent was terminated from each for lack of participation. Respondent also failed to complete substance-abuse therapy and the required random drug screens. At the time of the March 2022 termination hearing, respondent participated in only two drug screens, missing more than 100. In addition, respondent failed to provide the Department with proof of a legal source of income and failed to obtain suitable housing. Although respondent testified that he was employed at the time of the second termination hearing, respondent still had not verified his employment with the Department, which also referred respondent to several housing assistance programs that could help provide respondent with money for rent and a security deposit. However, respondent did not utilize those programs. Finally, respondent did not maintain regular weekly visits with DET. Respondent missed many supervised, in-person visits and did not visit DET at all for two months. Respondent also did not participate in any virtual visits that were offered to him. In July 2021, the trial court ordered respondent to take DET to receive educational assistance because DET was developmentally behind on "basic things like ABC['s and] numbers." At the time of the March 2022 termination hearing, respondent had still not taken DET to participate in the Infant Mental Health treatment.

The trial court did not clearly err when it found that there is no reasonable likelihood that the conditions leading to adjudication would be rectified within a reasonable time, especially considering DET was only five years old at the time of the hearing and is at an important developmental stage. Thus, we affirm the trial court's termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (c)(*ii*).

## B. MCL 712A.19b(3)(g)

A court may also terminate parental rights under MCL 712A.19b(3)(g) if it finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." "[A] parent's failure to comply with the parent-agency agreement is evidence of a parent's failure to provide proper care and custody for the child." *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). "By the same token, the parent's *compliance* with the parent-agency agreement is evidence of [his] ability to provide proper care and custody." *Id*.

The trial court did not clearly err when it found by clear and convincing evidence that respondent failed to provide proper care or custody for DET and there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time considering DET's age. See MCL 712A.19b(3)(g). During the March 2022 termination hearing, the Department presented evidence that respondent failed to comply with his ordered

treatment plan. Respondent did not obtain suitable housing, did not provide the Department with verification of a legal source of income, did not complete any parenting classes, did not complete random drug screens, and did not maintain regular weekly visits with DET. Respondent had the same treatment plan since 2020 and did not complete any portion of the plan during the two-year period. Additionally, respondent failed to take DET to participate in the Infant Mental Health treatment program, which the Department recommended would be beneficial to DET's health.

The trial court's finding that respondent was financially able to provide and care for DET but failed to do so was also not clearly erroneous. Respondent testified that he was currently employed and stated he made about $15 per hour working two restaurant jobs and worked overtime between 50 to 60 hours per week. Additionally, the Department referred respondent to a state emergency housing program that provides participants with funds for a security deposit and several months' worth of rent. The Department testified that respondent had the financial ability to obtain suitable housing through these programs.

Because respondent has failed to follow through on his treatment plan, which he had years to come into compliance with, and because respondent has failed to prioritize DET's health, we conclude that there is no reasonable expectation that respondent will provide proper care and custody for DET within a reasonable time. Therefore, termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(g).

## C. MCL 712A.19b(3)(j)

The trial court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." The Department presented evidence that, during the period DET was living with respondent, respondent had left DET, a five-year-old, home alone on at least six different occasions. Leaving DET in respondent's care would, therefore, result in a likelihood that DET would be harmed if left alone for considerable periods of time. Additionally, respondent does not have any housing to care for DET. Although respondent may be on a waitlist for housing, such housing is not guaranteed. Thus, the trial court did not clearly err when it concluded that there is a reasonable likelihood that DET would be harmed if returned to respondent's care.

## IV. BEST INTERESTS

Respondent argues that the trial court clearly erred by finding that termination of his parental rights was in DET's best interests under MCL 712A.19b(5). We disagree.

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. To determine whether termination of parental rights is in a child's best interests, the court should consider factors including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). The trial court may also consider the child's well-being while in care and the possibility of

adoption. *Id*. at 714. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). Additionally, the court must consider "whether termination is appropriate in light of the [child's] placement with relatives." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

During respondent's termination hearing, the Department presented evidence that DET did not share a strong bond with respondent. Respondent frequently missed scheduled visitations with DET. Lastella Bell, a Department caseworker, testified that respondent missed a recent visit before the termination hearing and, while waiting for respondent to arrive, DET told Bell, "If my dad is not here[,] I'm not going to be his son anymore." Additionally, Bell testified that DET had been "acting out" when respondent failed to participate or show up to the required visitations. Bell had been DET's foster care worker since 2017, and she testified that she has witnessed the bond between DET and respondent diminish greatly over time.

The Department also presented evidence that termination of respondent's parental rights was appropriate because respondent still did not have suitable housing to care for DET. Despite being financially able to obtain housing through a state emergency housing program, respondent had not fully obtained housing. Respondent was, therefore, not able to meet DET's needs for permanency and stability. The possibility of adoption was in DET's best interests to achieve permanency and stability in a suitable home, especially considering that DET's relative caregiver was meeting all of DET's needs and wanted to adopt him.

Additionally, the Department presented evidence that respondent does not have strong parenting skills to care for DET. Respondent was referred to at least 10 parenting classes but completed none. Respondent also left DET home alone several times without notifying anyone. The Department referred respondent four times to take DET to Infant Mental Health treatment, but respondent never took DET to participate.

Citing *In re Affleck/Kutzleb/Simpson*, 505 Mich 858; 935 NW2d 316 (2019), respondent argues that the court erred by failing to consider a guardianship for DET instead of terminating respondent's parent rights. In that case, the Department did not consider placing the child in a guardianship because of a policy that recommended against guardianship for children under 10 years old. *Id*. The Michigan Supreme Court stated that a "generalized policy" against recommending guardianship based solely on a child's age was improper and that the determination whether guardianship is appropriate must be made as part of the court's "best-interest determinations without regard to a generalized policy disfavoring guardianship." *Id*.

Respondent's argument is unpersuasive, however, because *In re Affleck* is distinguishable on the basis that Bell did not recommend against guardianship on the basis of a generalized policy. Instead, Bell testified that she believed a guardianship would not specifically meet DET's best interests for permanency and stability. Additionally, Bell testified that adoption was more appropriate than guardianship because, in addition to DET's young age, DET's maternal relative had an interest in adopting him, DET would be provided with consistency and stability in his life, and DET has a bond with his maternal relative caregiver and his five-year-old cousin. Thus, Bell's recommendation against guardianship was on the basis of the best interests of DET.

In sum, the evidence demonstrated that respondent did not have a strong bond with DET, did not have suitable housing, and lacked parenting skills. The Department also demonstrated that adoption would provide DET with permanency and stability in contrast to guardianship. In its determination, the trial court also considered DET's current placement with his maternal cousin and concluded that respondent's parental rights be terminated "despite [DET] being placed with a relative." Therefore, we conclude the trial court did not clearly err when it determined that under MCL 712A.19b(5), termination of respondent's parental rights was in DET's best interests.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett